**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Lee Williams, a.k.a. Robert Lee Green,<br><br>                Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et. al.,<br><br>                Respondents. | No. Civ. 05-2440-PHX-ROS (MS)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT JUDGE:**

While confined in the Arizona State Prison Complex in Goodyear, Arizona, Petitioner filed a pro se Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.   Respondents Answer was filed on November 10, 2005.  [Doc. 8].  Petitioner's Reply was received on December 14, 2005.  [Doc. 10].  The Court now Reports and Recommends as follows:

**I. Background**

Petitioner was arrested for car theft.  [Doc. 8, Exh. A at 1].  A search incident to Petitioner's arrest revealed a rock of cocaine in Petitioner's pocket.  [Id. at 1-2]. Petitioner was charged with theft of a vehicle and possession of narcotic drugs. [Id. at 2].

1    The State listed "3.2 mg Cocaine Base" as evidence in its Notice of Discovery.

2  [Id.].  During the course of the trial, however, the cocaine itself was not introduced

3  into evidence.  [Id.].  Instead, the State introduced the testimony of the officer who

4  seized the cocaine.  [Id.].  The officer testified that he conducted a field test verifying

5  that the substance was cocaine.  He further testified that he submitted the seized

6  substance to the police crime lab in an evidence envelope.  [Id.]. The State also

7  introduced the testimony of a criminalist who received the cocaine in a sealed

8  evidence envelope bearing the same invoice number as the envelope submitted by

9  the arresting officer.  [Id.].  The criminalist testified that laboratory tests confirmed

10  that the substance was a usable quantity of cocaine.  [Id.].

11    After the State rested its case, the defense moved for a directed verdict on

12  grounds that the State did not introduce the cocaine into evidence. [Id. at 3].  The

13  defense also requested an instruction pursuant to State v. Willits, 96 Ariz. 184, 393

14  P.2d 274 (1964)(permitting jurors to infer that potentially exculpatory evidence

15  unpreserved by the State would have been exculpatory).  [Id.; Exh B at 4-5]. The

16  Court denied the motion for directed verdict and declined to give the Willits[1]

17  instruction.  The jury returned a guilty verdict.  [Id.].

18    After the case was submitted to the jury, the State informed the Court that the

19  cocaine had been destroyed the previous year. [Id.].  Defense counsel filed a motion

20  for a new trial and motion to vacate the judgment, arguing that: (1) the State's

21  disclosure that the cocaine was destroyed constituted newly discovered evidence;

22  (2) the destruction of evidence resulted in due process violations; and (3) the Court

23  erred in denying the request for a Willits[2] instruction.  [Doc. 8, Exh. B] The Court

24  granted the motion, and the State appealed.  [Doc. 8, Exh. A].

25

26

27  [1]    State v. Willits, 96 Ariz. 184, 393 P.2d 274 (1964).

28  [2]    State v. Willits, 96 Ariz. 184, 393 P.2d 274 (1964).

1  The Arizona Court of Appeals reversed and remanded with instructions to
2  reinstate the jury's verdict.  The Court held that the trial court erred by vacating the
3  verdict on the basis of newly discovered evidence.  [Doc. 8, Exh. A at 4].  The Court
4  ruled that there was no evidence of bad faith or misconduct and no indication that
5  the cocaine would have been exculpatory.  [Id. at 4-7].  In addition, the Court found
6  no evidence of an unfair trial and concluded that the trial court appropriately denied
7  defense counsel's request for a Willits[3] instruction.  [Id.].

8  Petitioner was sentenced on September 13, 2001.  [Doc. 8, Exh. D].  His
9  conviction and sentence were affirmed by the Arizona Court of Appeals.  [Doc. 8,
10  Exh. E].  Petitioner did not seek review in the Arizona Supreme Court.

11  On January 2, 2003, Petitioner commenced post-conviction relief proceedings in
12  state court.  In his Petition for Post-Conviction Relief, Petitioner argued that his trial
13  counsel was ineffective for failing to challenge his arrest for lack of probable cause
14  and for failing to independently examine or test the cocaine seized incident to
15  Petitioner's arrest.  [Exh. G].  Petitioner's Petition for Post-Conviction Relief was
16  denied on July 24, 2003.  [Doc. 8, Exh. H].  Petitioner reiterated his ineffective
17  assistance of counsel arguments in his Petitions for Review to the Arizona Court of
18  Appeals and Arizona Supreme Court, but both Courts denied review.  [Exhs. I, J,
19  K, L].

20  Petitioner's federal Petition for Writ of Habeas Corpus was received by this Court
21  on August 12, 2005.  [Doc. 1].  Petitioner raises two grounds for relief.  In ground
22  one, he alleges that his trial counsel was ineffective for failing to ensure that the
23  cocaine be "brought to court."  [Id.].  In ground two, he alleges that the Arizona Court
24  of Appeals violated his due process rights by reversing the trial court.  [Id.].

25  **II. Exhaustion and Procedural Default**

26

27  _____

28  [3]    State v. Willits, 96 Ariz. 184, 393 P.2d 274 (1964).

1   No writ may be granted unless it appears that the applicant has exhausted the
2   remedies available in state courts.  28 U.S.C. §2254(b)(1)(A).  Under the exhaustion
3   doctrine, a petitioner must present his claims to the state courts on direct appeal or
4   through collateral proceedings before a federal court will consider a habeas corpus
5   petition.  Rose v. Lundy, 455 U.S. 509 (1982); Lindquist v. Gardner, 770 F.2d 876,
6   877 (9th Cir. 1985).  Specifically, exhaustion requires that a petitioner either fairly
7   present his or her claims to the Arizona Court of Appeals, Swoopes v. Sublett, 196
8   F.3d 1008, 1010 (9th Cir. 1999)(stating that "except in habeas petitions in capital
9   cases, claims of Arizona state prisoners are exhausted for purposes of federal
10  habeas once the Arizona Court of Appeals has ruled on them"), or show that no
11  state remedies remain available.  Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir.
12  1983) (citing Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982).  To satisfy the fair
13  presentation requirement, a petitioner must fairly present the "substance of federal
14  claims to the state courts in order to give the State the opportunity to pass upon and
15  to correct alleged violations of its prisoners' federal rights."  Duncan v. Henry, 513
16  U.S. 364, 365-66 (1995).  See also Baldwin v. Reese, 541 U.S. 27, 29 (2004);
17  Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 278
18  (1971); Casey v. Moore, 386 F.3d 896, 911 (9th Cir. 2004).

19  To fairly present a claim, a federal habeas petitioner must provide the state courts
20  with a fair opportunity to apply controlling legal principles to the facts bearing upon
21  the federal constitutional claim.  Baldwin, 541 U.S. at 29; Duncan, 513 U.S. at 365-
22  66 (1995).  The state prisoner must describe in the state proceedings both the
23  operative facts and the federal legal theory on which his claim is based.  Kelly v.
24  Small, 315 F.3d 1063, 1066 (9th Cir. 2003).  See also Anderson, 459 U.S. at 6 ("It
25  is not enough that all the facts necessary to support the federal claim were before
26  the state courts or that a somewhat similar state-law claim was made"); Picard, 404
27  U.S. at 276 ("we have required a state prisoner to present the state courts with the
28  same claim he urges upon the federal courts"); Lyons v. Crawford, 232 F.3d 666,

1  670 (9th Cir. 2000), amended at 247 F.3d 904 (9th Cir. 2001)(holding that a petitioner

2  must characterize the claims raised in state proceedings "specifically as federal

3  claims").  Generally, the petitioner must reference specific provisions of the federal

4  constitution, federal statute, or federal case law.  Lyons, 232 F.3d at 670, amended

5  at 247 F.3d 904.  General appeals to broad constitutional principles such as due

6  process, equal protection, and the right to a fair trial are insufficient to establish

7  exhaustion. See Gray v. Netherland, 518 U.S. 152, 163 (1996); see also Hiivala v.

8  Wood, 195 F.3d 1098, 1106 (9th Cir. 1999).

9      A habeas court will not review a question of federal law if that question has been

10  decided by a state court and the court's decision "rests on a state law ground that

11  is independent of the federal question and adequate to support the judgment."

12  Coleman v. Thompson, 501 U.S. 722, 729 (1991); Park v. California, 202 F.3d 1146,

13  1150-51 (9th Cir. 2000).  The state law ground may be substantive or procedural.

14  Coleman, 501 U.S. at 729-30 (recognizing that the independent and adequate state

15  ground doctrine bars federal habeas corpus review where a state court "declined to

16  address a prisoner's federal claims because the prisoner had failed to meet a state

17  procedural requirement").  To be independent, "the state law basis for the decision

18  must not be interwoven with federal law."  LaCrosse v. Kernan, 244 F.3d 702, 704

19  (9th Cir. 2001). See also Stewart v. Smith, 536 U.S. 856, 860 (2002)(stating that  "[I]f

20  the state court's decision rested primarily on a ruling on the merits . . ., its decision

21  would not be independent of federal law.").  "To be deemed adequate, the state law

22  ground for decision must be well-established and consistently applied."  Bennett v.

23  Mueller, 322 F.3d 573, 583 (9th Cir. 2003); see also Poland v. Stewart, 169 F.3d 573,

24  577 (9th Cir. 1999)("A state procedural rule constitutes an adequate bar to federal

25  court review if it was 'firmly established and regularly followed' at the time it was

26  applied by the state court")(quoting Ford v. Georgia, 498 U.S. 411, 424 (1991)).

27      When a petitioner procedurally defaults his federal claims in state court,  either

28  because he failed to comply with a state procedural rule or because he would be

1   unable to return to state court to present his claims, federal habeas review of the

2   claims is barred unless the petitioner demonstrates cause for the default and actual

3   prejudice or shows that failing to review the claims "will result in a fundamental

4   miscarriage of justice." Coleman, 501 U.S. at 750. "'Cause' is a legitimate excuse

5   for the default; 'prejudice' is actual harm resulting from the alleged constitutional

6   violation." Magby v. Wawrzaszek, 741 F.2d 240, 244 (9th Cir. 1984).  If the petitioner

7   fails to establish cause for his procedural default, the court need not consider

8   whether the petitioner has shown actual prejudice resulting from the constitutional

9   violations.  Smith v. Murray, 477 U.S. 527, 533 (1986).  To show a fundamental

10  miscarriage of justice, a petitioner must make the extraordinary showing that the

11  alleged constitutional violation probably resulted in the conviction of an innocent

12  person.[4]  Schlup v. Delo, 513 U.S. 298, 321 (1995); Murray v. Carrier, 477 U.S. 478,

13  496, (1986).  The circumstances constituting a fundamental miscarriage of justice

14  apply in only a "narrow class of cases."  Schlup, 513 U.S. at 321.  To establish

15  actual innocence, the Petitioner must show that considering all the evidence, "it is

16  more likely than not that no reasonable juror would have convicted him."  Id. at 327-

17  28.

18     Here, Respondents contend that Petitioner properly exhausted his ineffective

19  assistance of counsel claim in state court but failed to fairly present his due process

20  claim to either the Arizona Court of Appeals or the Arizona Supreme Court.  The

21  Court agrees.

22     Petitioner's ineffective assistance of trial counsel claim was presented to the state

23  courts in his Petition for Post-Conviction Relief and in his Petitions for Review to the

24  Arizona Court of Appeals and Arizona Supreme Court.  [Exhs. G, I, K].  Therefore,

25

26

_____

27  [4]     In most cases, victims of a "fundamental miscarriage of justice" will
        meet the standard for cause and prejudice.  Murray, 477 U.S. at 495-
28      96.

1  Respondents properly concede that Petitioner's first ground for relief may properly
2  be considered by this Court.

3      Conversely, Petitioner's due process claim is raised for the first time in his federal
4  Petition for Writ of Habeas Corpus.[5] Accordingly, this claim was not fairly presented
5  in state court.  In Arizona, post-conviction proceedings must be initiated under Rule
6  32 of the Arizona Rules of Criminal Procedure within ninety days of the entry of
7  judgment and sentence or within thirty days of the order and mandate on the
8  judgment and sentence on direct appeal.[6] See Ariz.R.Crim.P. 32.4(a).[7] Thus, were
9  Petitioner to attempt to return to state court, his claim would be time-barred.  Id.
10  Because Petitioner would be precluded under Arizona law from returning to state
11  court to properly exhaust his claims, the claims are deemed "technically exhausted"
12  but procedurally defaulted.  See Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002);
13  see also Cassett, 406 F.3d at 621, n. 5 (discussing the concepts of technical
14  exhaustion and procedural default).   Federal habeas review of the merits of
15  Petitioner's procedurally defaulted claim is barred unless Petitioner can show cause
16  for the procedural default and actual prejudice, or that failure to consider his claims

[5]   In his Motion to Vacate Judgment and Motion for New Trial [Doc. 8,
      Exh. B], Petitioner argued to the state trial court that the destruction of
      the cocaine violated his due process rights.  Petitioner's federal habeas
      petition raises a distinct due process claim: whether the  Arizona Court
      of Appeals violated due process by reversing the trial court despite
      recognizing trial counsel's failure to examine the cocaine. [Doc. 1].

[6]   An exception to this rule may exist under Rule 32.2(b) for a defendant
      who raises claims under Rules 32.1(d), (e), (f), (g), or (h).  None of the
      claims at issue here were raised under those subsections of Rule 32.1.

[7]   Petitioner's claims would also likely be precluded pursuant to Rule
      32.2(a)(3).  See Ariz.R.Crim.P. 32.2(a)(3) (stating that "[A] defendant
      shall be precluded from relief under this rule based upon any ground....
      (3) that has been waived at trial, on appeal, or in any previous collateral
      proceeding").  But see Cassett v. Stewart, 406 F.3d 614 (9th Cir. 2005).

1  will result in a fundamental miscarriage of justice.  Coleman, 501 U.S. at 750.
2  Petitioner has not done so.

3     In his Reply brief, Petitioner suggests: (1) that the Arizona Court of Appeals
4  implicitly recognized that his trial counsel was ineffective, and (2) that his appellate
5  counsel was ineffective for failing to raise a due process claim in the Arizona
6  Supreme Court. [Doc. 10]. Neither argument establishes cause sufficient to excuse
7  Petitioner's procedural default.

8     First, the Court disagrees that the Arizona Court of Appeals implied that
9  Petitioner's trial counsel was ineffective.  Although the Arizona Court of Appeals
10 observed that Petitioner's trial counsel never sought to test or examine the cocaine,
11 the Court did so in the context of determining whether Petitioner was entitled to a
12 jury instruction permitting the jurors to infer that the cocaine was exculpatory.[8]  The
13 Court did not evaluate counsel's actions under the strictures of Strickland v.
14 Washington, 466 U.S. 668, 687-688 (1984)(holding that a Petitioner seeking to
15 establish ineffective assistance of counsel must show that counsel's performance
16 was unreasonably deficient and that he was prejudiced by counsel's unprofessional
17 errors).  This Court is unsatisfied that statements made by the Arizona Court of
18 Appeals in connection with an unrelated issue constituted an acknowledgment that
19 counsel was constitutionally ineffective.  Moreover, in light of the Court of Appeals'
20 conclusion that the cocaine was not exculpatory, it is unlikely that the Court would
21 have found the prejudice necessary to establish ineffective assistance of counsel.
22 Strickland, 466 U.S. at 694 (holding that to establish prejudice, a defendant must
23 show a reasonable probability that a different outcome would have resulted); see
24 also discussion, infra, at pages 10-12.

25    Second, cause is not established by appellate counsel's alleged ineffectiveness
26 in failing to raise a due process claim.  Under the exhaustion doctrine, a claim of

27 _____

28 [8]     See State v. Willits, 96 Ariz. 184, 393 P.2d 274 (1964).

1  ineffective assistance must generally be "presented to the state courts as an
2  independent claim before it may be used to establish cause for a procedural default."
3  Murray, 477 U.S. at 489.  Here, Petitioner did not raise ineffective assistance of
4  appellate counsel as an independent claim for relief in state court.[9]  Therefore, he
5  cannot use ineffective assistance of his appellate counsel to establish cause.  Id.
6  Moreover, even had Petitioner raised ineffective assistance of appellate counsel in
7  state court, cause would not be established by counsel's failure to raise a due
8  process violation.  Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989) ("[I]n many
9  instances, appellate counsel will fail to raise an issue because she foresees little or
10 no likelihood of success on that issue; indeed, the weeding out of weaker issues is
11 widely recognized as one of the hall marks of effective appellate advocacy").[10]

12 This Court is further satisfied that any failure to consider Petitioner's federal due
13 process claim will not amount to a fundamental miscarriage of justice.  Petitioner's
14 conviction was amply supported by the testimony of the arresting officer and the
15 criminalist who determined that the substance seized from Petitioner was cocaine.[11]
16 Petitioner has not made the extraordinary showing that his case falls within the
17 "narrow class of cases" in which an innocent person was probably convicted
18 because of an alleged constitutional violation.  Schlup, 513 U.S. at 321; Murray, 477
19 U.S. at 496.

20

21 [9]  Petitioner raised only a claim of ineffective assistance of trial counsel.

22 [10]  Additionally, because Petitioner had no right to counsel in his post-
23 conviction proceedings, any error made by Petitioner's counsel during
24 post-conviction proceedings could not constitute cause to set aside the
     procedural default.  See, e.g., Bargas v. Burns, 179 F.3d 1207, 1215
25 (9th Cir. 1999).

26 [11]  No due process violation arises from the State's failure to introduce the
27 cocaine itself into evidence.  California v. Trombetta, 467 U.S. 479
     (1984); United States v. Hernandez, 109 F.3d 1450, 1455 (9th Cir.
28 1997).

1  Having found no basis to set aside the procedural default, federal habeas review
2  of Petitioner's procedurally defaulted claim is barred.    Accordingly, it is
3  recommended that Petitioner's due process claim be dismissed with prejudice.

4  **III. Ineffective Assistance of Counsel**

5  **A. Standard of Review**

6  Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this
7  Court shall not grant a petition for writ of habeas corpus with respect to any claim
8  adjudicated on the merits in state court unless (1) the decision by the state court was
9  "contrary to, or involved an unreasonable application of, clearly established Federal
10 law, as determined by the Supreme Court of the United States"; or (2) the decision
11 by the state court was based on an unreasonable determination of the facts in light
12 of the evidence presented.  28 U.S.C. § 2254(d).  A state court decision is "contrary
13 to clearly established precedent" if state court applies a rule that contradicts the
14 governing law set forth by the Supreme Court or arrives at a different result than the
15 Supreme Court in a case involving facts that are materially indistinguishable from a
16 Supreme Court case.  See  Lockyer v. Andrade, 538 U.S. 63, 73 (2003).  "Under the
17 'unreasonable application' clause, a federal habeas court may grant the writ if the
18 state court identifies the correct governing legal principle from this Court's decisions
19 but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 75
20 (quoting Williams v. Taylor, 529 U.S. 362, 406, 413 (2000)).

21 State court rulings and factual findings are presumed to be correct where they are
22 supported by the record.  See 28 U.S.C. § 2254(e)(1).  Petitioners "have the burden
23 of rebutting the presumption of correctness by clear and convincing evidence."  Id.
24 Where the state court summarily denies relief without providing rationale, this court
25 "review[s] the record to determine whether the state court's decision contravened,
26 or unreasonably applied, clearly established law."  Wilson v. Czerniak, 355 F.3d
27 1151, 1153-54 (9th Cir. 2004)(citing Delgado v. Lewis, 223 F.3d 976, 981-82 (9th Cir.
28 2000)).  See also Luna v. Cambra, 306 F.3d 954, 960 (9th Cir. 2002), amended at

1   311 F.3d 928 (9th Cir. 2002).  In such cases, this Court does not independently

2   decide the contested legal question, but instead determines whether §2254(d)

3   mandates reversal of the state court decision.  Greene v. Lambert, 288 F.3d 1081,

4   1089 (9th Cir. 2002); Delgado, 223 F.3d at 982.

5   **B. Petitioner's Claim**

6   In this case, Petitioner challenges the state court's rejection of his ineffective

7   assistance of counsel claim.  A federal Petitioner must satisfy a two-pronged test to

8   prevail on an ineffective assistance of counsel challenge.  He must show both that

9   counsel's performance was constitutionally deficient, and that the deficiency was

10  prejudicial.     Strickland, 466 U.S. at 687-688.    To establish that counsel's

11  performance was deficient, a petitioner is required to show that, "counsel's

12  representation fell below an objective standard of reasonableness." Strickland, 466

13  U.S. at 687-688.  To establish prejudice, a "defendant must show that there is a

14  reasonable probability that, but for counsel's unprofessional errors, the result of the

15  proceeding would have been different.  A reasonable probability is a probability

16  sufficient to undermine confidence in the outcome." Id. at 694.  Under the prejudice

17  prong, the question is whether "counsel's errors were so serious as to deprive the

18  defendant of a fair trial, a trial whose result is reliable." Id. at 687.

19  A failure to investigate a meritorious defense may constitute ineffective assistance

20  of counsel.  See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Jennings v. Woodford, 290

21  F.3d 1006, 1019 (9th Cir. 2002); Hendricks v. Calderon, 70 F.3d 1032, 1036-37 (9th

22  Cir. 1995); United States v. Rogers, 769 F.2d 1418, 1425 (9th Cir. 1985).  However,

23  a habeas corpus petition must state facts which point to a real possibility of

24  constitutional error. Id. The determination whether a failure to investigate prejudiced

25  the petitioner depends on the likelihood that discovery of the evidence would have

26  changed the outcome of a trial.   Hill, 474 U.S. at 59.   Defense counsel is not

27  ineffective for failing to make futile objections or meritless motions. Jones v. Smith,

28  231 F.3d 1227, 1239, n. 8.  (2000); Boag v. Raines, 769 F.2d 1341, 1344 (9th Cir.

1   1984).  Moreover, counsel's tactical decisions about how to present a defense are

2   not subject to an ineffective assistance of counsel attack.  Wildman v. Johnson, 261

3   F.3d 832, 839 (9th Cir. 2001).  See also Strickland, 466 U.S. at 697-90 (recognizing

4   that  mere criticism of trial tactics is not sufficient to support a charge of ineffective

5   assistance of counsel); Gustave v. United States, 627 F.2d 901, 904 (9th Cir. 1980)

6   ("Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of

7   inadequate representation").

8       Petitioner maintains that his trial counsel was ineffective for failing to ensure that

9   the cocaine he was charged with possessing be brought to court.  In state court,

10  Petitioner argued that his trial counsel was ineffective for failing to test or examine

11  the cocaine before trial.  A review of the record reveals that, under either theory,

12  Petitioner's ineffective assistance of counsel claim fails because he cannot establish

13  that he was prejudiced by counsel's failures.  Accordingly, reversal of the state court

14  decision is unwarranted.

15      In California v. Trombetta, 467 U.S. 479 (1984), the United States Supreme Court

16  addressed whether the introduction of data obtained from specimen testing, but not

17  the specimen itself, is sufficient to satisfy due process.  There, the defendants

18  alleged that their due process rights were violated when California law enforcement

19  officials failed to preserve samples of the defendants' breath obtained in connection

20  with assessing their blood alcohol levels.  The Court disagreed, holding that the

21  critical evidence to be presented at trial was the data gathered from the breath test,

22  not the defendants' actual breath.  As such, due process was not violated as a result

23  of the failure to introduce the breath samples.

24      In this case, the State similarly introduced incriminating testimony from the officer

25  who seized the cocaine and from the criminalist who verified through laboratory

26  testing that the seized substance was in fact cocaine.  Under Trombetta, Petitioner's

27  conviction is supportable notwithstanding the destruction of the cocaine itself.

28  Trombetta, 467 U.S. at 487-88; see also United States v. Hernandez, 109 F.3d

1   1450, 1455 (9th Cir. 1997)("The mere failure to preserve evidence which could have

2   been subjected to tests which might have exonerated the defendant does not

3   constitute a due process violation").  Although the introduction of the cocaine into

4   evidence might have strengthened the case against Petitioner, its introduction was

5   not necessary to support Petitioner's conviction.  As the Arizona Court of Appeals

6   observed, "the record contains no evidence or argument that anything about the

7   cocaine itself would have been exculpatory."  [Doc. 8, Exh. A at 4].  Thus, it is

8   unlikely that the outcome of the trial would have been different if Petitioner's trial

9   counsel had sought to examine and test the cocaine or sought its introduction at trial.

10  Petitioner has not shown a likelihood that the outcome of the trial would have

11  been different had counsel demanded the production of the cocaine before or during

12  trial rather than attempting to avoid a conviction by seeking a directed verdict and

13  moving to set aside the verdict.  Accordingly, Petitioner has not established that he

14  suffered the prejudice necessary to support a finding of ineffective assistance of

15  counsel. The Court therefore recommends that the State Court decision be upheld

16  and Petitioner's habeas corpus claim be denied.

17  **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas

18  Corpus [Doc. 1] be **denied** and **dismissed** with prejudice.

19  This recommendation is not an order that is immediately appealable to the Ninth

20  Circuit Court of Appeals.  Any notice of Appeal pursuant to Rule 4(a)(1), Federal

21  Rules of Appellate Procedure, should not be filed until entry of the district court's

22  judgment.  The parties shall have ten (10) days from the date of service of a copy

23  of this recommendation within which to file specific written objections with the Court.

24  28 U.S.C. §636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of Civil

25  Procedure.  Failure to timely file objections to any factual determinations of the

26  Magistrate Judge will be considered a waiver of a party's right to *de novo*

27  consideration of the factual issues and will constitute a waiver of a party's right to

28  appellate review of the findings of fact in an order or judgment entered pursuant to

1  the Magistrate Judge's recommendation.

2        DATED this 9th day of May, 2006.

3

4

5        _____
         Morton Sitver
6        United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28